E-FILED
Monday, 02 December, 2019  03:18:35 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| **NATIONWIDE GENERAL INSURANCE COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CATHER GROCERY, INC., McCUMBER, LLC, and DAVID WHITE,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, NATIONWIDE GENERAL INSURANCE COMPANY ("Nationwide"), by its attorneys, LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment against the Defendants, CATHER GROCERY, INC. ("Cather Grocery"), McCUMBER, LLC ("McCumber"), and DAVID WHITE ("White"), pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*, and Fed.R.Civ.Proc. 57, alleges the following:

### INTRODUCTION

1.      Nationwide seeks a declaration rescinding a policy of insurance it issued to Cather Grocery due to material misrepresentations made in the procurement of the policy.

2.      Alternatively, Nationwide seeks a declaration that its policy is void and that Nationwide does not owe coverage on the policy due to violation of the policy's "Concealment, Misrepresentation or Fraud" condition.

3.      Alternatively, Nationwide seeks a declaration that McCumber is not insured under the policy as it does not qualify as an insured under any provision of the policy. Nationwide therefor owes no duty or obligation whatsoever to McCumber.

**THE PARTIES**

4.      Nationwide is an Ohio insurance corporation which maintains its principal place of business in Columbus, Ohio, and which was at all times herein relevant was licensed to and which did transact and conduct insurance business in the State of Illinois.

5.      Cather is an Illinois corporation, which maintains its principal place of business in Lincoln, Illinois, within this judicial district, and is the named insured on a certain policy of insurance issued by Nationwide.

6.      McCumber is an Illinois limited liability company, which maintains its principal place of business in Lincoln, Illinois, within this judicial district, and was the lessee of Cather for a certain premises upon which White was injured.

7.      On information and belief, White is a citizen of the State of Illinois, residing in Lincoln, Illinois, within this judicial district, and is a claimant against Cather and McCumber for injuries he suffered at 1302 5th Street, Lincoln, Illinois, the premises leased by Cather to McCumber. Nationwide seeks no relief from White, other than to the extent, if any, that he is interested in the subject matter of this action, that he should be bound by the judgment sought herein. If White will sign a stipulation to that effect, then Nationwide will voluntarily dismiss him as a Defendant.

**JURISDICTION**

8.      The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. Although this complaint seeks no monetary damages—rather, it seeks only

declaratory relief—the effect of granting that relief would be to void coverage for a loss exceeding $75,000 in value.

## VENUE

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, in that the events giving rise to White's claim occurred in this judicial district, and the policy of insurance at issue was issued to Cather in this judicial district.

## THE COMMERCIAL INSURANCE APPLICATION

10.      Cather applied for a Nationwide Premier Businessowners Policy. The risk was represented as "[r]etail" and described as, "Gasoline Stations – No Repair – Includes Risks With Very Limited Selection & Sales Of Convenience Store Goods." A true and correct copy of the application for insurance is attached hereto, made a part hereof and is marked as **Pleading Exhibit A.**

11.      The application disclosed the presence of three buildings on a single premises at 1314 5th Street, Lincoln, Illinois.

12.      Although a video gambling hall appears to have been operating on the premises since at least early 2016, no disclosure of on-site gambling facility is made on the application, nor anywhere else in the procurement of the policy.

## THE POLICY

13.      As a result of the application, Nationwide issued its policy of insurance numbered ACP BP013200105461 to Cather. The Premier Businessowners Policy contains a Liability Coverage Form on an occurrence basis, with an effective policy period from March 11, 2019 to March 11, 2020, and with a limit of liability of $1 million per occurrence. A true and correct

copy of the policy of insurance is attached hereto, made a part hereof and is marked as **Pleading Exhibit B**.

13.    The policy scheduled three separate buildings on the insured premises.

14.    On March 11, 2019, a Change of Declarations Endorsement was issued adding a Liquor Liability Coverage Endorsement to the policy. A true and correct copy of the endorsement is attached hereto, made a part hereof and is marked as **Pleading Exhibit C**.

### THE LEASE

15.    On March 12, 2019, one day after policy issuance, Cather entered into a lease with McCumber for the operation of the gambling facility called "Cliff's on 5th," which housed electronic slot machines and sold alcoholic beverages for on-site consumption at 1302 5th Street, Lincoln, Illinois. A true and correct copy of the lease agreement is attached hereto, made a part hereof and is marked as **Pleading Exhibit D**.

16.    The lease appears to be signed by the same person on behalf of both Cather and McCumber.

### THE ACCIDENT

17.    On April 5, 2019, White patronized the facility sitting on a stool which is alleged to have collapsed underneath him causing White to allegedly fall to the ground and suffer injury, including the rupture of his quadricep.

18.    White has made a prelitigation claim against Cather and to Nationwide for the alleged injuries he suffered on April 5, 2019.

### DEFENSE UNDER RESERVATION OF RIGHTS

19.    Nationwide has agreed to provide Cather a defense subject to reservation for the

reasons stated herein.

20.     Although no tender of defense has been made by McCumber, Nationwide denies that it owes any duty to McCumber for the reasons stated herein.

### COUNT I
#### (RESCISSION OF THE NATIONWIDE POLICY)

21.     Nationwide adopts and repeats the allegations of ¶¶ 1 through 20 as and for ¶ 21 hereof as though the same were fully set forth herein.

22.     The true and correct information that the insured premises contained a gambling hall and a facility for on-site alcohol consumption was known or should have been known to Cather and was not disclosed to Nationwide in the Commercial Insurance Application submitted to Nationwide.

23.     Had Nationwide known that a gambling hall with on-site alcohol consumption existed on the premises it would not have issued the policy of insurance to Cather.

24.     In issuing its policy of insurance, Nationwide relied to its detriment on the misrepresentations of material fact made by Cather.

25.     As a result of one or more of the foregoing material misrepresentations on its application for insurance coverage, Nationwide is entitled to rescind its policy and have the policy declared null and void.

26.     Nationwide stands ready to return the premiums paid for the Nationwide policy.

27.     Because Nationwide has a right to rescind the Nationwide policy, Nationwide does not owe any duty to any person with respect to the Nationwide policy.

WHEREFORE, the Plaintiff, Nationwide General Insurance Company, prays that this

Honorable Court enter an Order finding and declaring that the Nationwide policy, policy no. ACP BP013200105461, issued to Cather, is null and void as result of one more of the material misrepresentations by Cather, and that Nationwide, therefore, does not owe any duty to any person with respect to the Nationwide policy, and for such other and further relief as this Court deems fair and just under the circumstances.

**COUNT II**
**(NO COVERAGE – CONCEALMENT, MISREPRESENTATION OR FRAUD)**

28.     Nationwide adopts and repeats the allegations of ¶¶ 1 through 20 as and for ¶ 28 hereof as though the same were fully set forth herein.

29.     The Nationwide policy contains the following provision:

**C.     CONCEALMENT, MISREPRESENTATION OR FRAUD**

1.     This policy is void in its entirety in any case of fraud, at any time, by you or your representative as it relates to this policy.

2.     This policy is also void if you, your authorized representative or any other insured, at any time, conceal or misrepresent any material fact, or violate any material warranty, concerning:

a.     This policy, including your application for this policy;

b.     The Covered Property;

c.     Your interest in the Covered Property; or

d.     A claim under this policy.

3.     We also have the right to rescind this policy based upon any other grounds provided by law.

30.     Cather's failure to disclose the presence of a gambling hall with on-site alcohol

- 6 -

consumption violated the "Concealment, Misrepresentation or Fraud" Condition of the Policy.

31.    As a result of Cather's breach of the Nationwide policy Conditions, the Nationwide policy does not furnish any coverage to any claims under the policy, including, specifically, any claims related to the accident, and any coverage for the White injuries.

WHEREFORE, the Plaintiff, Nationwide General Insurance Company, prays that this Honorable Court enter an Order finding and declaring it does not owe any coverage to Cather, for any claims with respect to the accident, for violation of Nationwide's policy Condition **C.**, and for such other and further relief as this Court deems fair and just under the circumstances.

## COUNT III
### (NO COVERAGE TO MCCUMBER – NOT INSURED (ALTERNATIVELY))

32.    Nationwide adopts and repeats the allegations of ¶¶ 1 through 20 as and for ¶ 32 hereof as though the same were fully set forth herein.

33.    McCumber is not an insured by definition or otherwise under the Nationwide policy.

WHEREFORE, the Plaintiff, Nationwide General Insurance Company, prays that this Honorable Court enter an Order finding and declaring it does not owe any coverage to McCumber for any claims with respect to the accident, and for such other and further relief as this Court deems fair and just under the circumstances.

Respectfully submitted,

**LINDSAY, PICKETT & POSTEL, LLC**

By: /s/ Peter G. Syregelas
_____

Peter G. Syregelas
**LINDSAY, PICKETT & POSTEL, LLC**
10 S. LaSalle Street, Suite 1301
Chicago, Illinois 60603
psyregelas@lpplawfirm.com
312-970-5661