## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 19-cv-3276 |
| CATHER GROCERY, INC. et al., | ) ) | |
| Defendants. | ) | |

### OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Nationwide General

Insurance Co.'s (Nationwide) Motion to Strike Jury Demands (d/e 13)

(Motion).  For the reasons set forth below, the Motion is ALLOWED in part

and DENIED in part.  The Court strikes the demands for a jury trial on

Count I of the Complaint for Declaratory Judgment (d/e 1) (Complaint) but

denies the request to strike the jury demands for Counts II and III of the

Complaint.

### BACKGROUND

Nationwide alleges that defendant Cather Grocery, Inc. (Cather)

applied for an insurance policy to cover losses arising from business

operations on a premises located in Lincoln, Illinois (Premises).  Cather

disclosed that three buildings were located on the Premises.  Nationwide

alleges that Cather represented that the business activity on the Premises

was "Gasoline Stations – Includes Risks With Very Limited Selection &

Sales of Convenience Store Goods."  Based on these representations,

Nationwide issued a Premier Business Owners Policy to Cather (Policy).

The Policy was in effect for one year from March 11, 2019 to March 11,

2020.  Complaint, ¶¶ 10-11, 13.

Nationwide alleges that Cather intentionally misrepresented the

business activity of the Premises.  Nationwide alleges that a gambling hall

known as "Cliff's on 5th" (Cliff's) operated on the Premises and had been

operating on the Premises since 2016.  Cliff's housed electronic slot

machines and sold alcoholic beverages for on-site consumption.  On March

12, 2019, one day after Nationwide issued the Policy, Cather leased Cliff's

to Defendant McCumber LLC (McCumber).  The same person signed the

lease on behalf of Cather and McCumber.  Complaint, ¶¶ 10-16.

On April 5, 2019, Defendant David White patronized Cliff's.  White sat

on a stool which allegedly collapsed underneath him.  White suffered

serious bodily injuries, including a rupture of one of his quadricep muscles.

White filed a pre-litigation claim against Cather and submitted the claim to

Nationwide.  Nationwide agreed to defend Cather subject to a reservation

of rights.  McCumber has not tendered the defense of White's claim to Nationwide and Nationwide denies any duty to defend McCumber. Complaint, ¶¶ 17-20.

Based on these allegations, Nationwide asserts three Counts for declaratory judgment.  Count I asks for a declaratory judgment that the Policy should be rescinded because Cather made fraudulent misrepresentations regarding the business activity on the Premises to induce Nationwide to issue the Policy.  Count II asks for a declaratory judgment that Nationwide has no obligation to defend or cover Cather under the "Concealment, Misrepresentation or Fraud" provision (Fraud Clause) of the Policy.  Count III asks for declaratory judgment that Nationwide has no obligation to defend McCumber against White's claims because McCumber is not an insured under the Policy.  Complaint, Counts I, II, and III.

Cather and McCumber have filed jury demands but have not answered.  Jury Demands (d/e 7 and 10).  The answers or other responses are not due until March 15, 2020.  See Waivers of Service (d/e 5 and 8). Nationwide has moved to strike the Jury Demands.

ANALYSIS

The Court may strike the Jury Demands if there is no federal right to a jury trial. Fed. R. Civ. P. 38, 39(a)(2), and 57. The Seventh Amendment guarantees a right to a jury trial in suits at common law:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. Cather and McCumber, therefore, have a right to a jury trial if the Complaint alleges "suits as common law." At the time that the Seventh Amendment was adopted, "suits at common law" were brought in courts of law while other actions were brought in courts of equity. The Seventh Amendment right to jury trial only applies to actions that are in the nature of actions that would have been brought in courts of law. The Court must determine whether the claims asserted by Nationwide would have been suits at law or equity at the time the Seventh Amendment was enacted. The Court must follow a two-part test to determine this:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558,

565 (1990) (internal quotations marks and citations omitted).

Nationwide asks for a declaratory judgment in each Count of the

Complaint. A declaratory judgment seeks a declaration by a court that a

party is entitled to a particular relief. For purposes of the Seventh

Amendment analysis, the Court must look for the particular type of relief

that the party seeks by means of the declaration. The party may seek a

declaration of relief that a party could have sought directly by bringing an

action for such relief. In such cases, the Court determines whether the

relief that the plaintiff could seek through a direct action was an action at

law which would invoke the right to a jury trial. See Fed. R. Civ. P. 57;

Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959).

The plaintiff could also file a declaratory judgment action to bring

what is called an "inverted law suit" to secure a declaration that the plaintiff

is not liable for a claim that the defendant may bring against the plaintiff.

See Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299

F.3d 643, 649 (7th Cir. 2002) (quoting Owens-Illinois, Inc. v. Lake Shore

Land Co., 610 F.2d 1185, 1189 (3d Cir. 1979)). If the declaratory judgment

is an inverted lawsuit, then the Court looks at the potential claim and relief

that the defendant, in this case Cather and McCumber, may bring against

the plaintiff, in this case Nationwide, to see if that potential claim would be an action at law which would invoke the right to a jury trial.  See Beacon Theatres, 359 U.S. at 504; Marseilles Hydro Power, 299 F.3d at 649.

In this case, Nationwide could have brought the claim in Count I directly as an action to rescind the Policy.  Nationwide alleges that Cather lied on the application for the Policy to induce Nationwide fraudulently to issue the Policy.  Nationwide could have alleged the same facts and sued directly for rescission.   An action for rescission may be legal or equitable, depending on the relief sought.  If the plaintiff just seeks to void the agreement, then the action is equitable; if the plaintiff seeks a money judgment for the fraud, then the action may be at law.  Goldberg v. 401 North Wabash Venture LLC, 755 F.3d 456, 463 (7th Cir. 2014); State Farm Mut. Auto. Ins. Co., v. Mossey, 195 F.2d 56, 60 (7th Cir. 1952).  In this case, Nationwide only seeks rescission of the Policy.  Nationwide alleges that it stands ready to return the premium.  Complaint ¶ 26.  The claim in Count I is equitable.  Cather and McCumber are not entitled to a trial by jury on Count I.

Cather and McCumber rely on a trio of related cases from the D.C. Circuit to support their claim that they are entitled to a jury trial on Count I. James v. Pennsylvania General Ins. Co., 349 F.2d 228 (D.C. Cir. 1965)

(James I); James v. Pennsylvania General Ins. Co., 371 F.2d 736 (D.C. Cir. 1966) (James II); and Dona v. Pennsylvania General Ins. Co., 393 F.2d 671 (D.C. Cir. 1968). The D.C. Circuit acknowledged that these cases conflicts with the Seventh Circuit's decision in Mossey. James I, 349 F.2d at 231 n.4. This Court must follow the Seventh Circuit. Under the Seventh Circuit decisions of Goldberg and Mossey, Nationwide seeks equitable relief in Count I. The request to strike the jury demands for Count I is allowed. Count I will be tried to the Court.

Counts II and III allege inverted lawsuits to avoid liability under the Policy. Nationwide asks the Court to declare that Cather and McCumber would not be entitled to a remedy under the Policy if Nationwide refuses to defend or cover either of them against White's claims. In this situation, the Court must look at the claims that Cather and McCumber could bring against Nationwide for refusing to cover White's claims or to defend them. Marseilles Hydro Power, 299 F.3d at 649. Cather and McCumber could bring a breach of contract action against Nationwide for money damages for breach of the Policy. The action would be an action at law. See e.g., Marseilles Hydro Power, 299 F.3d at 649 (breach of contract would be action at law entitled to trial by jury); see also City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 710 (1999) ("Generally, an action

for money damages was 'the traditional form of relief offered in the courts of law'") (quoting <u>Terry</u>, 494 U.S. at 570 (quoting <u>Curtis v. Loether</u>, 415 U.S. 189, 196 (1974)).  As such, Cather and McCumber would have a right to a jury trial.  The Motion is denied as to Counts II and III.

THEREFORE, IT IS ORDERED that Plaintiff Nationwide General Insurance Co.'s Motion to Strike Jury Demands (d/e 13) is ALLOWED in part and DENIED in part.  Defendants Cather Grocery, Inc. and McCumber, LLC's Jury Demands (d/e 7 and 10) are stricken as to Count I, but not as to Counts II and III.  Count I will be tried by the Court and Counts II and III will be tried by a jury.

ENTER:  February 25, 2020

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE