### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 19-cv-3276<br>) |
| CATHER GROCERY, INC., McCUMBER, LLC, and DAVID WHITE, | )<br>)<br>)<br>) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff Nationwide General Insurance Co.'s (Nationwide) Motion to Strike the Affirmative Defenses of Defendant White (d/e 15). For the reasons set forth below, the Motion should be ALLOWED in part and DENIED in part.

### BACKGROUND

Nationwide brings this action to secure a declaratory judgment that it is not obligated to defend or cover Defendants Cather Grocery, Inc., or McCumber, LLC (collectively Cather), against claims brought by Defendant David White against Cather. Nationwide alleges that Cather made misrepresentations of fact to induce Nationwide to issue an insurance policy (Policy) to Cather to cover

business activities on a certain premises (Premises) in Lincoln, Illinois. Nationwide alleges that Cather represented that the business on the Premises was a gas station and convenience store, when in reality, the business activity on the Premises included a gambling establishment that served alcohol by the drink. Defendant White brought an action in Illinois state court against Cather for alleged injuries he suffered at Cather's establishment on the Premises. Nationwide asks the Court to enter a declaratory judgment to rescind the Policy or to find that under the terms of the Policy, Nationwide has no obligation to defend or cover White's claims against Cather.  See generally, Complaint for Declaratory Judgment (d/e 1).

White answered and raised five affirmative defenses.  Defendant's Response to Complaint for Declaratory Judgement (d/e 3) (Answer), at 12. Nationwide brings this Motion to strike these affirmative defenses.

## ANALYSIS

This Court may strike an insufficient defense from a pleading.  Fed. R. Civ. P. 12(f); see Jackson v. Methodist Medical Center of Illinois, 207 WL 128001, at *1 (C.D. Ill. January 11, 2007).  The same pleading standards apply to affirmative defenses as apply to other pleadings.  Fed. R. Civ. P. 8(a) and (c); see Local 165 v. DEM/EX Group, Inc., 2010 WL 971811, at *2 (C.D. Ill. 2010).  The Defendants

must allege enough to give the opposing party notice of the basis for the defense.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Motions to strike, however, are generally disfavored because they are often used only to delay proceedings.  Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).  "The Court is particularly reluctant to strike affirmative defenses because the assertion of an affirmative defense does not prejudice the plaintiff.  A plaintiff is not required to file a responsive pleading and is deemed to have denied all allegations in any affirmative defense.  Fed. R. Civ. P. 7(a) and 8(b)(6)."  Fralick v. County of Dewitt, 2011 WL 5509226, at *1 (C.D. Ill. November 10, 2011).  The Court addresses each defense separately.

### FIRST AFFIRMATIVE DEFENSE

White's First Affirmative Defense states:

> Plaintiff's claims may be barred, in whole or in part, to the extent that its Complaint fails to state a claim upon which the requested relief can be granted.

Answer, at 12.

Nationwide argues that this statement is not an affirmative defense and fails to meet the pleading requirements of Rule 8.  An affirmative defense generally assumes the allegations in the complaint are true and asserts some other reason why the defendant is not liable. See Fralick v. County of Dewitt, 2011 WL 5509226, at *1 (C.D. Ill. November 10, 2011); Lexington Ins. Co. v.

Titan Intern., Inc., 2008 WL 687384, at *1 (C.D.Ill.2008). Failure to state a claim, however, is a recognized defense under Rule 12(b). Fed. R. Civ. P. 12(b)(6); Fralick, 2011 WL 5509226, at *1; Lexington Ins. Co., 2008 WL 687384, at *1. Nationwide, further, is not prejudiced because it is not obligated to respond unless White files a motion to dismiss or for judgment on the pleadings. See Fed. R. Civ. P. 12(b)(6) and 12(c); Lexington Ins. Co., 2008 WL 687384, at *1. The request to strike the First Affirmative Defense should be denied.

## SECOND AFFIRMATIVE DEFENSE

White withdraws the Second Affirmative Defense. Defendant's, David White, Response to Plaintiff's Motion to Strike the Affirmative Defenses of Defendant White (d/e 21) (Response), at 3. The Second Affirmative Defense is withdrawn, and the Motion should be denied as moot as to this defense.

## THIRD AFFIRMATIVE DEFENSE

White's Third Affirmative Defense states:

> Plaintiff's claims may be barred, in whole or in part, to the extent that the Nationwide insurance policy, its provisions, and/or Plaintiff's claims are against public policy.

Answer, at 12. The Court should allow White to raise an assertion that the Policy or Nationwide's claims are against public policy as an affirmative defense. Rule 8(c) allows a party to raise any defense. A challenge to the Policy or Nationwide's claim as against public policy would be an affirmative matter that

could be raised by affirmative defense.  White's allegations in the Third Affirmative Defense, however, fail to put Nationwide on notice of what public policy White puts at issue in this defense.  The defense, therefore, fails to meet the notice pleading requirements of Rule 8(b)(1).  The Third Affirmative Defense should be stricken and White should be given an opportunity to replead the Third Affirmative Defense to give adequate notice of the public policy or policies he seeks to raise as a defense.

### FOURTH AFFIRMATIVE DEFENSE

White's Fourth Affirmative Defense states:

Answering Defendant adopts by reference each and every affirmative defense asserted by the other Defendant in response to Plaintiff s Complaint.

Answer, at 12.  This defense is currently meaningless because no other Defendant has answered.  The Fourth Affirmative Defense should be stricken, with leave to replead after Cather answers.  White will be in a position to evaluate any affirmative defenses filed by Cather and decide whether he wishes to adopt the defenses.

### FIFTH AFFIRMATIVE DEFENSE

White's Fifth Affirmative Defense states:

The Complaint contains insufficient information to permit DAVID WHITE to raise all appropriate defenses, and therefore, DAVID WHITE, reserves his right to amend and/or supplement this Answer and these Defenses and to assert additional Defenses.

Answer, at 12. This paragraph raises no defenses. The paragraph also incorrectly asserts that White can reserve to himself some right to amend. White's ability to amend his pleadings is governed by Rule 15. Under Rule 15, White had a right to amend one time within 21 days after filing the Answer. Fed. R. Civ. P. 15(a)(1)(A). White did not need to reserve that right. In any event, the 21 days is now past because White filed the Answer on January 23, 2020. White now must seek leave to amend. Fed. R. Civ. P. 15(a)(2). White's assertion of some reservation of a right to amend is meaningless. The Fifth Affirmative Defense should be stricken.

THEREFORE, THIS COURT RECOMMENDS that Plaintiff Nationwide General Insurance Co.'s Motion to Strike the Affirmative Defenses of Defendant White (d/e 15) should be ALLOWED in part and DENIED in part. The Third Affirmative Defense and the Fourth Affirmative Defense should be stricken with leave to replead; and the Fifth Affirmative Defense should be stricken. Should White decide to replead, White should be required to replead the Third Affirmative Defense by March 31, 2020, and the Fourth Affirmative Defense no later than 14 days after the other Defendants plead any affirmative defenses. The Motion should be DENIED as moot as to the Second Affirmative Defense because White has withdrawn that defense; and the Motion should be DENIED as to the First Affirmative Defense.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER:  March 5, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE