E-FILED
Monday, 23 March, 2020  10:01:05 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-03276 ) ) |
| CATHER GROCERY, INC., McCUMBER LLC, and DAVID WHITE, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 22). Magistrate Judge Schanzle-Haskins recommends that this Court grant in part and deny in part Plaintiff Nationwide General Insurance Company's Motion to Strike the Affirmative Defenses of Defendant White (d/e 15). No timely objections to the Report and Recommendation have been made.

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Under the clear error standard, the district court can overrule a magistrate judge only if the district court "is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

Having thoroughly reviewed Magistrate Judge Schanzle-Haskins' Report and Recommendation, the Court finds no clear error with respect to Judge Schanzle-Haskins' recommendation that Plaintiff's Motion to Strike the Affirmative Defenses of Defendant White be granted in part and denied in part.

It is, therefore, ORDERED:

(1)  The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 22) is ACCEPTED.

(2)  Plaintiff Nationwide General Insurance Company's Motion to Strike the Affirmative Defenses of Defendant White (d/e 15) is GRANTED IN PART and DENIED IN PART.

(3)  Defendant White's Second Affirmative Defense is WITHDRAWN.  Plaintiff's motion is DENIED as MOOT with respect to the Second Affirmative Defense.

(4)  The Court STRIKES Defendant White's Third Affirmative Defense, with leave to replead by March 31, 2020.

(5)  The Court STRIKES Defendant White's Fourth Affirmative Defense, with leave to replead no later than 14 days after another Defendant pleads any affirmative defense.

(6)  The Court STRIKES Defendant White's Fifth Affirmative Defense.

ENTER:  March 20, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE